No argument was had, and the opinion of the Court was delivered by
Parsons, C. J.
(after summarily stating the facts.) On these facts we are satisfied that the demandants are * en- [ * 357 ] titled to sue upon the mortgage, upon which they have declared, as a security for the 442 dollars 10 cents paid by them on the said notes, they having been damnified in that sum by paying it to Cotting.
But three questions arise. Shall they have the conditional judgment to have seisin of the lands mortgaged, unless 442 dollars 10 cents are paid by the tenant? Or shall they have a conditional judgment to recover seisin of a moiety, unless the tenant will pay a moiety of that sum ? Or shall they have any judgment, as they have not sued all the tenants in common ?
As the title of the demandants under the mortgage is to a sole seisin, it seems very clear that if they can have judgment on this writ, that judgment must be for sole seisin, unless the money necessary to indemnify them be paid; otherwise the mortgagee might have his sole tenancy changed into a tenancy in common. And it is our opinion, that the demandants in this case are entitled to the conditional judgment against the tenant, who must be considered as a deforciant, and, therefore, as to them be taken to be a tenant, against whom the whole freehold can be demanded; although as to others he may be tenant in common of a moiety. For in a writ of entry to foreclose a mortgage, the demandants count against the assignee of the mortgagor as the immediate wrong-doer, and not as having entered by the mortgagor; because the assignee must hold subject to the mortgage, has a right to redeem, and his title is lawful against all but the mortgagee, or him who claims under him. But if the mortgagor shall assign to more than one as tenants in common, yet as to the mortgagee, when they resist his entry, or drive him to an action to foreclose, each assignee is to be considered as a deforciant of the whole.
If two distinct closes are included in the same mortgage, and the mortgagor convey the closes in fee to different persons, * by whom they are held in severalty, the mortgagee to [ * 358 ] foreclose must have two several writs of entry; because *300 each grantee under the mortgagor holds but a part in severalty, of which he is a several deforciant. But in such a case the mortgagee , shall have judgment on each writ, unless the mortgage money be paid; because each close is liable for all the money due on the mortgage. And if either grantee shall pay the money, the mortgage is discharged as to the other. And when there are two or more grantees under the mortgagor, whether severally or in com- . mon, if either pay off the mortgage, the others shall be holden to a reasonable contribution.
Bigelow for the demandants.
Sullivan for the tenant.
Let the tenant be called, and judgment be rendered for the demandants to have seisin, unless 442 dollars 10 cents, with the interest, be paid within two months.